UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENTRELL D. PICKENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:16-cv-00526-NCC |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Kentrell D. Pickens ("Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 19), Defendant has filed a brief in support of the Answer (Doc. 26), and Plaintiff has filed a Reply (Doc. 27). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 12).

### I. PROCEDURAL HISTORY

Plaintiff received SSI from age four to age eighteen for an intellectual disability and organic mental disorders (Tr. 41). On September 9, 2013, the Commissioner ceased Plaintiff's SSI, determining that his conditions did not meet or equate adult disability standards (Tr. 41-42). On January 10, 2014, a Disability Hearing Officer upheld the cessation of Plaintiff's benefits (Tr.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

63-64). Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ") on April 7, 2014 (Tr. 69-71). After a hearing, by decision dated December 29, 2014, the ALJ found Plaintiff not disabled (Tr. 12-22). On March 22, 2016, the Appeals Council denied Plaintiff's request for review (Tr. 1-5). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 13, 1999, the filing date of the application for SSI (Tr. 14). The ALJ found Plaintiff has the severe impairments of depression and anxiety, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14-15).

After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a full range of work with the following non-exertional limitations (Tr. 16). He can understand, remember, and carry out simply tasks (*Id.*). He can have occasional interaction with supervisors, co-workers, and the public (*Id.*). He can make simple, work-related decisions, and tolerate occasional changes in work location (*Id.*). The ALJ found Plaintiff had no past relevant work (Tr. 21). The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including laundry aide, hand packager, and store laborer (*Id.*). Thus, the ALJ concluded that a finding of "not disabled" was appropriate (Tr. 22). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

## III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ

3

will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of

the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

### IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff raises three issues. First, Plaintiff argues the ALJ erred in failing to consider medical equivalence to Listing 12.05C (Doc. 19 at 12-15). *See* 20 C.F.R. § 404, Subpart P App. 1, 12.05C (Westlaw 2015) (hereinafter "Listing 12.05C"). Second, Plaintiff asserts that the ALJ erred in failing to include a specific limitation for Plaintiff's pace in the RFC determination (Doc. 19 at 15-17). Third, Plaintiff argues the ALJ erred in failing to consider relevant longitudinal evidence, including Plaintiff's prior SSI file (*Id.* at 18-20). Because the ALJ erred in failing to consider medical equivalence to Listing 12.05C,

and because the ALJ erred in not finding that Plaintiff's borderline intellectual functioning is a severe impairment, the Court will only address these issues.

The Social Security Administration's Listing of Impairments describes physical and mental impairments that the Commissioner considers severe enough to be disabling. 20 C.F.R. § 416.925. Listing 12.05 provides that an individual is intellectually disabled when the requirements in one of its subparts (A, B, C, or D) are met. Under Listing 12.05C, a claimant is required to establish: "(1) a valid verbal, performance, or full scale IQ score of 60 through 70, (2) an onset of the impairment before age 22, and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Hesseltine v. Colvin*, 800 F.3d 461, 464 (8th Cir. 2015) (quoting *Phillips v. Colvin*, 721 F.3d 623, 625 (8th Cir. 2013)). Further, the medical equivalence regulation provides:

> If you have a combination of impairments, no one of which meets a listing . . ., we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to that listing.

20 C.F.R. § 404.1526(b)(3). "Instructions for determining whether a person's combination of impairments is medically equal to a given listing are outlined in the Program Operations Manual System (POMS)." *Hesseltine*, 800 F.3d at 465. The POMS guideline for Listing 12.05C provides:

> Listing 12.05C is based on a combination of an IQ score with an additional and significant mental or physical impairment. The criteria for this paragraph are such that a medical equivalence determination would very rarely be required. However, slightly higher IQ's (e.g., 70-75) in the presence of other physical or mental disorders that impose additional and significant work-related limitation of function may support an equivalence determination. It should be noted that generally the higher the IQ, the less likely medical equivalence in combination with another physical or mental impairment(s) can be found.

POMS § DI 24515.056. Though the POMS do not have legal force, the Eighth Circuit "has instructed that an ALJ should consider the POMS guidelines." *Hesseltine*, 800 F.3d at 465 (quoting *Shontos v. Barnhart*, 328 F.3d 418, 424 (8th Cir. 2003)).

Here, the ALJ's opinion does not consider Listing 12.05C or medical equivalence to 12.05C under the applicable POMS guideline. Plaintiff has been diagnosed with borderline intellectual functioning and has a full scale IQ score of 75 (Tr. 259, 264).[2] Moreover, Plaintiff has been diagnosed with schizoaffective disorder, depression, and anxiety, and the ALJ found Plaintiff's depression and anxiety to be severe impairments (Tr. 14, 287, 288, 310). Under POMS § DI 24515.056, Plaintiff has a "slightly higher IQ [than 70] in the presence of other . . . mental disorders" which "may support an equivalence determination." The ALJ's failure to consider equivalence to 12.05C warrants remand. *See Hesseltine*, 800 F.3d at 466; *Shontos*, 328 F.3d at 424; *Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding because it was "not clear from [the ALJ's] decision that he even considered whether the [claimant] met the requirements for listing 12.05C").

The Court also finds that the ALJ erred at step two by not finding that Plaintiff's borderline intellectual functioning is a severe impairment. "Borderline Intellectual Functioning describes individuals with IQs between 71 and 84." *Byes v. Astrue*, 687 F.3d 913, 914 (8th Cir. 2012). "[B]orderline intellectual functioning should be considered a severe impairment" when "the diagnosis is supported by sufficient medical evidence." *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) (citing *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir. 1997)); *Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007) (remanding because the ALJ did not include borderline intellectual functioning as a severe impairment at step two of the sequential analysis). Plaintiff

---

[2] The full scale IQ "is described in the regulations as being an acceptable standardized test for establishing [intellectual disability]." *Anderson v. Callahan*, 981 F. Supp. 1258, 1264 n.6 (E.D. Mo. 1997) (citing 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00D).

received SSI as a minor for mental retardation[3] (Tr. 41), was diagnosed with borderline intellectual functioning by two doctors (Tr. 264, 286), and neither the ALJ nor the Commissioner disputes Plaintiff's full scale IQ score of 75 (Tr. 19; Doc. 26 at 6). Plaintiff's borderline intellectual functioning "is supported by sufficient medical evidence"; therefore, it should have been found to be a severe impairment at step two. *Nicola*, 480 F.3d at 887; *see Hunt*, 250 F.3d at 625.

Therefore, because the Court finds that the ALJ erred at step two in the sequential analysis by not finding Plaintiff's borderline intellectual functioning to be a severe impairment and also at step three by not considering medical equivalence to Listing 12.05C, the Court will reverse and remand this case. *Nicola*, 480 F.3d at 887; *Hesseltine*, 800 F.3d at 466.

## V. CONCLUSION

For the foregoing reasons, the Court finds the ALJ's decision was not based on substantial evidence in the record as a whole and should be reversed and remanded. On remand, the ALJ is directed to reconsider Plaintiff's severe impairments at step two; consider medical equivalence to Listing 12.05C; further develop the medical record if necessary; and then proceed through the sequential evaluation process before issuing a new decision.

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate Judgment will accompany this Order.

Dated this 24th day of August, 2017.

         /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

---

[3] "Mental retardation" is a historically used term for intellectual disability or intellectual developmental disorder. 20 C.F.R. § 404, Subpart P App. 1, 12.00B(4)(b).